| | |
|---|---|
| **MR. AND MS. DOE, individually<br>and as next friends of<br>JOHN DOE, a minor,**<br><br>      **Plaintiffs,**<br><br>             v.<br><br>**PORTLAND PUBLIC SCHOOLS,**<br><br>      **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>) 2:20-cv-00461-JDL<br>)<br>)<br>)<br>) |

**ORDER ON PLAINTIFFS' MOTION IN LIMINE AND REQUEST FOR RULING ON ISSUE PRECLUSION**

Plaintiffs' Motion in Limine to Exclude Expert Testimony and Rule on Issue Preclusion (ECF No. 27) seeks to exclude from evidence the expert testimony of Dr. Susan Holinger and other unidentified evidence on the basis that Portland Public Schools is collaterally estopped from challenging the findings of the administrative hearing officer regarding the reasonableness of the actions taken by Portland Public Schools and Dr. Christie in connection with the denial of John Doe's eligibility for IDEA services in 2017. Portland Public Schools responds that it does not intend to challenge the administrative hearing officer's findings, but will instead offer Dr. Holinger's testimony and related evidence to respond to the Plaintiffs' claims that Dr. Christie and, by extension, Portland Public Schools, acted with discriminatory animus in denying John Doe's eligibility for IDEA services in 2017.

Having carefully considered the parties' arguments, I will not rule on the Plaintiffs' challenge to Dr. Holinger's expected testimony without knowing the precise issues that Portland Public Schools intends to address through Dr. Holinger's testimony. Because the application of the collateral estoppel doctrine to the facts of

1

this case is best considered not in a vacuum, but in relation to the actual evidence Portland Public Schools seeks to introduce and the purpose for which it is offered, I will permit the parties to conduct a voir dire examination of Dr. Holinger and any other associated witnesses outside the presence of the jury, and I will rule on any objections made at that time.

For similar reasons, I conclude that it is premature for me to rule on whether, as the Does request, the jury should be instructed that Portland Public Schools acted unreasonably and in violation of the IDEA in finding John Doe ineligible for special education services in 2017 and, if so, the wording of that instruction. The parties are directed to submit proposed jury instructions addressing this issue within five (5) business days prior to jury selection, and the Court will entertain argument on the issue at the outset of the trial.

For the foregoing reasons, it is **ORDERED** that Plaintiffs' Motion in Limine to Exclude Expert Testimony and Rule on Issue Preclusion (ECF No. 27) is **DENIED**.

**SO ORDERED.**

**Dated: July 19, 2022.**

                 /s/ JON D. LEVY
               **CHIEF U.S. DISTRICT JUDGE**